**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **JALISSA WILLIAMS** | * | CIVIL ACTION NO. _____ |
| | * | |
| **VERSUS** | * | JUDGE:_____ |
| | * | |
| **ZACHARY CARAWAY, ET AL** | * | |
| | * | MAGISTRATE JUDGE:_____ |

**NOTICE OF REMOVAL**

The petition of ZACHARY CARAWAY, JMS RUSSEL METALS CORP., RYDER TRUCK RENTAL, INC. d/b/a RYDER TRANSPORTATION SERVICES (incorrectly named as "Ryder Truck Rental"), and ZURICH AMERICAN INSURANCE COMPANY, (hereinafter referred to as "petitioners") respectfully represents:

1.

The petitioners were made defendants in a suit titled *"Jalissa Williams v. Zachary Caraway, et al"*, No. 624,584, in the First Judicial District Court, Caddo Parish, Shreveport, Louisiana (herein referred to as "the State Court proceeding"). See Exhibit "A", Petition for Damages.

2.

The petitioners in filing this Notice of Removal with this court are doing so without making any appearance in this matter, and without waiving service or any defenses,

1

including, but not limited to, the defenses of lack of personal jurisdiction and/or failure to state a claim.

3.

On or about July 1, 2020, Jalissa Williams (hereinafter referred to as "plaintiff") filed the State Court proceeding alleging that an incident occurred on August 27, 2019 on Interstate 49 (southbound) in DeSoto Parish, Louisiana, causing injury.  See Exhibit "A."

4.

The Petition for Damages names as defendants, ZACHARY CARAWAY, JMS RUSSEL METALS CORP., ZURICH AMERICAN INSURANCE COMPANY, and RYDER TRUCK RENTAL, INC. d/b/a RYDER TRANSPORTATION SERVICES.

5.

The plaintiff is domiciled in Louisiana, per Exhibit "A."

6.

The defendant, ZACHARY CARAWAY, is domiciled in Texas, per Exhibit "A."

7.

The defendant, JMS RUSSEL METALS CORP., is incorporated under the laws of Delaware, having its principal place of business in Tennessee.

8.

The defendant, RYDER TRUCK RENTAL, INC. d/b/a RYDER TRANSPORTATION SERVICES, is incorporated under the laws of Florida, having its principal place of business in Florida.

9.

The defendant, ZURICH AMERICAN INSURANCE COMPANY, is a liability insurance company and is incorporated under the laws of the State of New York, having it principal place of business in Illinois.

10.

As a result, the plaintiff and defendants are diverse in their citizenship.

11.

The Petition for Damages makes general allegations that the plaintiff has damages for, including, but not limited to, medical expenses, physical pain and suffering, mental pain and anguish, permanent injuries and disability, and economic damages.

12.

Per the attached list of State Court proceedings, these defendants were served on the following dates:

(a) Zachary Caraway 7/13/20*
(b) JMS Russell Metals Corp. 7/15/20
(c) Zurich American Insurance Company 7/15/20

     (d)     Ryder Truck Rental, Inc. d/b/a Ryder
             Transportation Services          10/28/20

\*Zachary Caraway received the Long-Arm Citation on 7/13/20.

13.

As a part of the discovery process requested by defendants' counsel, and to determine if removal to federal court was appropriate, plaintiff's counsel provided a listing of the plaintiff's healthcare providers (see Exhibit "B"). Subsequently, the plaintiff's medical records authorizations were sent to her healthcare providers by letters dated September 22, 2020, October 6, 2020, and October 16, 2020. The first medical records produced, which were relevant to the body part (wrist) allegedly injured in the subject accident, were from Orthopedic Specialists/Dr. Ellis Cooper and these records were provide by CIOX e-delivery on October 8, 2020. Prior to October 8, 2020, no medical records, or information, or document, or "other paper" to help unequivocally determine the amount in controversy had been received. The only record obtained by the defendants prior to October 8, 2020 was an expense document from Willis Knighton Medical Center for $1,266.85, which is attached as Exhibit "C." In a telephone call on October 5, 2020, plaintiff's counsel advised that the plaintiff had wrist surgery performed in the previous week.

14.

A review of the currently available post-incident medical records shows the following specifics as to the plaintiff's injuries, treatment, and damages:

(a) the plaintiff's allegedly related past medical expenses from Orthopedic Specialists/Dr. Ellis Cooper total $7,603 (see Exhibit "D").

(b) the plaintiff's allegedly related past medical expenses from Specialists Hospital total $10,297.01 (see Exhibit "E").

(c) the plaintiff had an operation (arthroscopic partial synovectomy) on her right wrist (see Exhibit "F").

(d) the plaintiff has been prescribed post-op occupational therapy (see Exhibit "F").

(e) the plaintiff is still under treatment (see Exhibit "F").

(f) the plaintiff is employed as a medical assistant (see Exhibit "G"). As she is still under treatment, a determination of the issues of future medical expenses, disability, and/or economic damages is currently unknown.

(g) The plaintiff's allegedly related past medical expenses currently total $19,166.86.

15.

Given the information gleaned from the plaintiff's medical records and the information currently available, it is now unequivocally clear and certain that the amount in controversy exceeds $75,000 and that this case is removable. This was only first ascertained once the plaintiff's medical records from Orthopedic Specialists/Dr. Ellis Cooper were received on October 8, 2020. (28 USC Section 1446(2)(A)(c)(3)).

16.

The following citations are supportive of the petitioners' representation that the amount in controversy now unequivocally exceeds $75,000:

(a) A female passenger sustained injuries as a result of an automobile collision.

        The plaintiff suffered a fractured wrist and developed carpal tunnel syndrome as a result of the accident. She underwent surgery because of the injury. She experienced pain and suffering from this injury for over one year. The trial court awarded plaintiff $25,000 in general damages. Special damages were $7,593. *Wheelis v. CGU Ins.*, 35,230 (La. App. 2 Cir 12/07/01), 803 So.2d 365.

(b)    A forty-nine year old woman sustained injuries to her shoulder, neck, and wrists when she tripped and fell over boxes at a store. Plaintiff initially treated at a hospital emergency room for complaints of headache and pain in her neck, right wrist, right arm, right shoulder, and right knee. Plaintiff was diagnosed with carpal tunnel syndrome in both hands, and was prescribed splints to wear. She eventually underwent a carpal tunnel release on her right wrist.

        The plaintiff, after the right carpal tunnel release, had a fair amount of synovitis (inflammation) in the carpal tunnel canal. The plaintiff's right wrist injury got much better after the surgery, but her left wrist continued to be symptomatic with the pain often preventing her from sleeping at night. She intended to have a surgery to her left wrist in the future.

        The trial court awarded the plaintiff general damages of $25,000 for the plaintiff's right wrist injury. The award was designated for the "wrist injury" which the appellate court referred to as the right wrist but the opinion refers to injures to both the right and left wrists. The plaintiff's orthopedic surgeon recommended surgery on her left wrist. *Peoples v. Fred's Stores of Tenn.*, 2009 -1270 (La. App. 3 Cir. 6/2/10); 38 So.3d 1209.

[NOTE: This summary of *Peoples*, supra, opinion only addresses the wrists and the parts of the opinion which were specific to the wrists, and the treatment of such.]

17.

The aforementioned allegations give rise to federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 USC, Section 1332.

18.

This removal is being filed prior to November 6, 2020, i.e. within 30 days of the petitioners receiving the first production of the plaintiff's relevant medical records ("other paper"), which occurred on October 8, 2020. It was on this date that the petitioners were first able to ascertain, through documents, that this case had become removable.

19.

Based on the above and foregoing, the petitioners respectfully request that this "Notice of Removal" be filed into the records of the United States District Court for the Western District of Louisiana, effecting the removal of this matter from the State Civil District Court of Caddo Parish, Louisiana.

20.

Petitioners request a trial by jury herein, as to all issues between the parties.

21.

Upon filing of this Notice of Removal, the petitioners will provide written notification to the plaintiff and will further file a copy of the Notice of Removal with the Clerk of Court of the 1st Judicial District Court, Caddo Parish, Louisiana. A copy of the state court notification is attached hereto as Exhibit "H."

22.

Counsel for the plaintiff is: William D. Hall, 828 Shreveport-Barksdale Highway, Shreveport, LA 71105; telephone (318) 868-1246; facsimile: (318) 868-1244; e-mail address: wdhattorney@hotmail.com, william@halllawlouisiana.com.

WHEREFORE, the petitioners pray that the above action now pending against them in the 1st Judicial District Court, Caddo Parish, Louisiana, shall proceed no further.

MAYER, SMITH & ROBERTS, L.L.P.
Attorneys for ZACHARY CARAWAY, JMS RUSSEL METALS CORP., RYDER TRUCK RENTAL, INC. d/b/a RYDER TRANSPORTATION SERVICES, and ZURICH AMERICAN INSURANCE COMPANY

BY *[signature: Ben Marshall]*
Ben Marshall, Jr. #8950
Marcus E. Edwards, #33113
1550 Creswell
Shreveport, LA 71101
Telephone: 318-222-2135
Fax: 318-222-6420

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF CADDO**

BEFORE ME, the undersigned authority, personally came and appeared BEN MARSHALL, JR., who being first duly sworn, did depose and certify that he is the attorney of record for the petitioners, and attests that he has read the foregoing Notice of Removal, and the facts and allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
Ben Marshall, Jr.

SWORN TO AND SUBSCRIBED before me Notary on this 29th day of October, 2020.

_____
NOTARY PUBLIC
Notary/Bar # 20740

Frank K. Carroll, Notary Public
Caddo Parish, Louisiana
My Commission is for Life
Bar Roll No. 20740
Notary Id No. 38272

9